1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10     KELLY BOWMAN,                        CASE NO. C13-555RSM

11              Plaintiff,                 ORDER OF REMAND

12        v.

13     SUNTRUST MORTGAGE INC., et al.,

14              Defendants.

15

16        This matter is before the Court for consideration of plaintiff's motion for a Temporary

17 Restraining Order (Dkt. # 6), in which he seeks to restrain a trustee's sale now set for April 26,

18 2013.  Before noting this motion on the Court's calendar, the Court must be satisfied that it has

19 jurisdiction over the matter.  For the reasons set forth below, the Court has determined that it

20 lacks subject matter jurisdiction, and the case must be remanded to the state court from which it

21 was removed.

22                                  DISCUSSION

23        Plaintiff Kelly Bowman filed this action in state court on March 14, 2013.  The complaint

24 alleges state law causes of action for wrongful foreclosure, violation of the Washington

1   Consumer Protection Act, and others, all arising from a real estate purchase and mortgage

2   transaction.  The loan apparently went into default, and plaintiff received a Notice of Trustee's

3   Sale on November 28, 2012, setting the sale for March 29, 2013.  It has subsequently been re-

4   scheduled as noted above.  The only defendant who has been served at this point is defendant

5   Northwest Trustee Services, Inc. ("Northwest").  *See*, Motion and Declaration for Temporary

6   Restraining Order, Dkt. # 6, p. 2.

7           Defendant SunTrust Mortgage, Inc., ("SunTrust") a Virginia corporation, timely

8   removed the action to this Court, alleging jurisdiction on the basis of diversity.   SunTrust has

9   not been served with the complaint but learned of the lawsuit by reviewing a Seattle courthouse

10  news service.  Notice of Removal, Dkt. # 1, p. 2.  Although plaintiff has not challenged the

11  removal, this Court has an independent obligation to determine whether subject matter

12  jurisdiction exists before taking action in the case.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

13  (2006).   The Court "may raise the question of subject matter jurisdiction, *sua sponte*, at any time

14  during the pendency of the action."  *Snell v. Cleveland, Inc.,* 316 F.3d 822, 826 (9th Cir. 2002)*.*

15  If at any time before final judgment it appears that this Court lacks subject matter jurisdiction, it

16  must remand the case.  28 U.S.C. § 1447(c).

17          "Federal courts are courts of limited jurisdiction. They possess only that power

18  authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be

19  presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

20  contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

21  511 U.S. 375, 377  (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684

22  (9th  Cir.2006).

23

24

1    "Except as otherwise expressly provided by Act of Congress, any civil action brought in

2    a State court of which the district courts of the United States have original jurisdiction, may be

3    removed by the defendant or the defendants, to the district court of the United States for the

4    district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5    Thus, a defendant in state court may remove an action to federal court so long as the action could

6    have originally been filed in federal court. *See* 28 U.S.C. § 1441(b); *City of Chicago v. Int'l*

7    *College of Surgeons*, 522 U.S. 156, 163 (1997).  The "burden of establishing federal jurisdiction

8    is on the party seeking removal, and the removal statute is strictly construed against removal

9    jurisdiction." *Prize Frize, Inc. v. Matrix Inc*., 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as

10   to the right of removal is resolved in favor of remand.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566

11   (9th Cir.1992).

12   The Notice of Removal states that this Court has jurisdiction under the diversity

13   provisions of 28 U.S.C. § 1332, which provides for original jurisdiction where the parties in

14   interest are citizens of different states, none of the defendants is a citizen of the state in which the

15   action was brought, and the matter in controversy exceeds the sum of $75,000.  28 U.S.C. §

16   1332(a).  Defendant argues that defendant Northwest, a Washington resident, is a mere "nominal

17   defendant."  Notice of Removal, Dkt. # 1, ¶ 3.  Such conclusory allegation cannot support

18   removal jurisdiction.  The complaint bears substantive claims against Northwest for wrongful

19   foreclosure, breach of the Washington Deed of Trust Act, violation of fiduciary duty, violation of

20   the Consumer Protection Act, and fraud and misrepresentation.  Complaint, Dkt. # 1-1, ¶¶ 3.9,

21   3.12, 3.14, 3.15, 4.7, 5.2, 6.2.  The complaint also seeks treble damages from Northwest under

22   the Consumer Protection Act.  Id., ¶¶ 5.1 – 5.9.  These factual allegations plead specific

23

24

1  instances of misconduct by the trustee, which render Northwest more than a mere "nominal"

2  defendant.

3       The Court cannot inquire into the merits of these claims when determining whether

4  defendant SunTrust has met their burden of demonstrating diversity of citizenship of the parties.

5  The Complaint, on its face, bears substantive allegations against a non-diverse party which

6  cannot be disregarded.  The Court lacks subject matter over the case because the parties are not

7  diverse.

8                                    CONCLUSION

9       The Court has considered the matter of jurisdiction and has determined that the Notice of

10 Removal fails to establish a valid basis for federal jurisdiction, and therefore the Court lacks

11 subject matter jurisdiction over this case.  28 U.S.C. § 1447(c).  Accordingly, this case is hereby

12 REMANDED to the King County Superior Court, Cause No. 13-2-08229-2 SEA.  The Clerk

13 shall close this file and send a certified copy of this Order to the Clerk of Court for the King

14 County Superior Court.

15      Plaintiff's motion for a Temporary Restraining Order may be noted for consideration on

16 the docket of the Superior Court.

17

18      Dated this 2 day of April 2013.

19

20

21

22      RICARDO S. MARTINEZ
        UNITED STATES DISTRICT JUDGE

23

24

ORDER OF REMAND - 4